## Rush, et al. v. Emery, et al.

(Decided February 17, 1925.)

Appeal from Allen Circuit Court.

Deeds—Evidence Held Sufficient to Support Judgment that Deed from Father to Sons was Valid.—In suit to set aside deed from father to sons on ground of mental incapacity and undue influence, evidence held sufficient to support judgment that deed was valid.

HARPER & DENTON for appellants.

W. D. GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Buck Emery, a resident of Allen county, died on June 5, 1920. He was survived by his widow, Paralee Emery, three sons, Lon, Carl and John, a daughter, Maud Rush, and two grandchildren, Herbert Rush and Bertha Rush, the children of a deceased daughter. About three months before his death he conveyed to his sons, Lon and Carl, a tract of land containing about fifty acres. About the same time he executed a will by which he devised the remainder of his property to his wife, Paralee Emery, with the provision that should any of the property be left at her death it should be divided equally between his children and grandchildren, the latter taking a one-fifth part.

Maud Rush, the daughter, and Herbert Rush and Bertha Rush, the grandchildren of the deceased, brought this suit against Lon and Carl to set aside the deed of March 5, 1920, on the ground of mental incapacity and undue influence. In addition to denying the allegations of the petition, Lon and Carl pleaded that their father, who had executed his notes for the land in controversy, agreed with them that if they would remain at home, run the farm and pay for the land, which they did, he would convey it to them and that the deed was made pursuant to that agreement. The chancellor dismissed the petition and plaintiffs have appealed.

Not only were the circumstances relied on to show mental incapacity wholly insufficient for that purpose, but the weight of the evidence is to the effect that the deceased, though suffering from tuberculosis, was fully

capable of understanding and appreciating the nature and effect of the transaction. But the point is made that the burden was on Lon and Carl to show the fairness of the transaction. In view of the fact that they made their home with their father, and not he with them, and of the further fact that he was shown to be the dominant factor in the household, it may be doubted if the circumstances were such as to impose on them the burden of proof. However this may be, the agreement between the testator and his sons, and its execution by them, were not only shown by Lon, to whose testimony no exception was taken, but by their mother, the widow of the deceased, who testified very clearly and emphatically on the subject. On the other hand, Maud Rush testified to certain circumstances tending to show that the deceased was impatient because Lon and Carl were insisting that a deed be made and that the farm was not only cultivated by all who lived on it, but that Lon and Carl used for their private purposes the money that they made on the farm. While the acts of a parent in deeding away or distributing his estate in such a way as to prefer certain children to the exclusion of others are always closely scrutinized, there is no reason why a father may not reward those whose efforts have enabled him to pay for the property. Here, there was substantial evidence that such an agreement was made and executed, and, as the question is one which turns principally upoin the credibility of the witnesses, we are not prepared to say that the chancellor erred in reaching the conclusion that the transaction should be upheld.

Judgment affirmed.